**United States District Court**
For the Northern District of California

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

7  EUGENE ALLEN,

8             Petitioner,                    No. C 11-1869 PJH (PR)

9     vs.                                    **ORDER DISMISSING**
                                            **PETITION FOR FAILURE TO**
10 MARTIN HOSHINO, Chairman, Board          **EXHAUST**
   of Parole Hearings,
11
                 Respondent.
12 _____/

13        Petitioner, a California state inmate, has filed a petition for writ of habeas corpus

14 pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

15        The petition attacks denial of parole, so venue is proper in this district, which is

16 where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

17                              **BACKGROUND**

18        Petitioner was convicted in 1972 of first degree murder.  He was sentenced to prison

19 for seven years to life.  This petition is directed to a denial of parole on November 30, 2010.

20                              **DISCUSSION**

21        Petitioner asserts that two federal judges, one from this district and one from the

22 Eastern District, in 2007 announced that they would "soon set up a two judge panel to

23 begin presiding over parole hearings . . . ," because of persistent due process violations by

24 the Board of Parole Hearings.   Pet. at 7.  He says that the panel was not instituted only

25 because the BPH promised to mend its ways, that it has not done so, and that his hearing

26 violated due process.  He concedes in the petition that he has not presented his claim to

27 the state courts, but asserts that he is not required to because he is asking for "a parole

28 hearing in front of a Judge panel. . . ," and only a federal court can order that.  Pet. at 8.

1    The court is not aware of the "two judge panel" proposal to which petitioner refers,

2    but in any event he concedes it was never implemented, so it is irrelevant here.  What is

3    relevant here is that the court cannot grant habeas relief of any sort unless petitioner has

4    first exhausted his constitutional claims by presenting them to the highest state court

5    available.  *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

6    This petitioner concedes he has not done.  The petition must be dismissed.

7                                               **CONCLUSION**

8    The petition is **DISMISSED**.  Petitioner's motion for an order transferring him to

9    Marin County to prepare for a new parole hearing (document number 3 on the docket) is

10   **DENIED** as moot.

11   Because reasonable jurists would not find the court's ruling debatable or wrong, a

12   certificate of appealability ("COA") is **DENIED**.  *See* Rule 11(a), Rules Governing § 2254

13   Cases, 28 U.S.C. foll. § 2254; *see also* 28 U.S.C. § 2253(c) (COA requirement); *Slack v.*

14   *McDaniel*, 529 U.S. 473, 483 (2000) (standard).  Petitioner is advised that he cannot appeal

15   the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of

16   the Federal Rules of Appellate Procedure.  *See* Rule 11(a), Rules Governing § 2254

17   Cases.

18   The clerk shall close the file.

19   **IT IS SO ORDERED.**

20   Dated:  November 14, 2011.        _____

21                                               PHYLLIS J. HAMILTON
                                                 United States District Judge

22

23

24

25

26

27   P:\PRO-SE\PJH\HC.11\ALLEN1869.DSM-EXH.wpd

28

**United States District Court**
For the Northern District of California