UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EUGENE ALLEN,

    Petitioner,

vs.

MARTIN HOSHINO, Chairman, Board of Parole Hearings,

    Respondent.

No. C 11-1869 PJH (PR)

**ORDER DISMISSING PETITION FOR FAILURE TO EXHAUST**

Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was convicted in 1972 of first degree murder. He was sentenced to prison for seven years to life. This petition is directed to a denial of parole on November 30, 2010.

## DISCUSSION

Petitioner asserts that two federal judges, one from this district and one from the Eastern District, in 2007 announced that they would "soon set up a two judge panel to begin presiding over parole hearings . . . ," because of persistent due process violations by the Board of Parole Hearings. Pet. at 7. He says that the panel was not instituted only because the BPH promised to mend its ways, that it has not done so, and that his hearing violated due process. He concedes in the petition that he has not presented his claim to the state courts, but asserts that he is not required to because he is asking for "a parole hearing in front of a Judge panel. . . ," and only a federal court can order that. Pet. at 8.

The court is not aware of the "two judge panel" proposal to which petitioner refers, but in any event he concedes it was never implemented, so it is irrelevant here. What is relevant here is that the court cannot grant habeas relief of any sort unless petitioner has first exhausted his constitutional claims by presenting them to the highest state court available. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). This petitioner concedes he has not done. The petition must be dismissed.

## CONCLUSION

The petition is **DISMISSED**. Petitioner's motion for an order transferring him to Marin County to prepare for a new parole hearing (document number 3 on the docket) is **DENIED** as moot.

Because reasonable jurists would not find the court's ruling debatable or wrong, a certificate of appealability ("COA") is **DENIED**. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* 28 U.S.C. § 2253(c) (COA requirement); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (standard). Petitioner is advised that he cannot appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 14, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\ALLEN1869.DSM-EXH.wpd